Argued February 6, affirmed as modified March 7, 1974

# STATE OF OREGON, *Petitioner, v.*
# NATHANIEL IRVING, *Respondent.*

520 P2d 354

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

O'CONNELL, C. J.

Defendant was indicted for the crime of fraudulent sale of imitation drugs. This offense is defined by ORS 167.232:

"(1) A person commits the crime of fraudulent sale of imitation drugs if he sells any compound, substance or other matter, not a narcotic or dangerous drug, to a peace officer or his agent by falsely representing it to be a narcotic or dangerous drug.

"(2) Fraudulent sale of imitation drugs is a Class B misdemeanor."

Defendant demurred to the indictment. The trial court, apparently believing that the statute's proscription of such sales only if made to "a peace officer" rendered it indefinite and unrelated to the evil it sought to prevent (general fraud), sustained the demurrer on the ground that it violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and Art. I, § 20 of the Oregon Constitution. The Court of Appeals found the statute both sufficiently definite and rationally related to a perceived evil (waste of police resources) to be constitutional. However, in remanding the case, the court deemed it advisable to consider defendant's contention that, properly construed, ORS 167.232 is not violated unless the person selling the imitation drugs knows that the purchaser is a police officer. The court adopted this construction. *State v. Irving,* 14 Or App 671, 514 P2d 909 (1973). The state, contending that this interpretation is erroneous, filed a petition for review which we granted.

■■ The Court of Appeals correctly held that ORS 167.232 does not violate any constitutional provision. However, we disagree with the court's subsequent interpretation of the statute. The court reached its conclusion by a literal reading of ORS 167.232 in conjunction with ORS 161.095 (2). The latter statute provides that:

"Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

The court then noted that one of the material elements of the crime under ORS 167.232 is the sale of imitation drugs to a peace officer. The court concluded that since ORS 161.095 (2) requires proof of a "culpable mental state with respect to each material element of the offense," the state must prove that a person charged with the violation of ORS 167.232 knew that he was making a sale to a peace officer.

■ If the two statutes are read together literally, there seems to be no escape from the conclusion reached by the Court of Appeals. It is clear from the legislative history of ORS 167.232, however, that the legislature did not intend that the statute was to be limited to those cases in which the seller knew that the purchaser was a peace officer. This being the case, there is nothing to compel us to read into ORS 167.232 another statute which was clearly not intended to apply. As we said in *Fox v. Galloway,* 174 Or 339, 347, 148 P2d 922 (1944):

"When * * * a literal application of the language produces an absurd or unreasonable result, it is the duty of the court to construe the act, if possible, so that it is a reasonable and workable law

and not inconsistent with the general policy of the legislature."

The Court of Appeals appears to have felt compelled to construe ORS 167.232 as it did, in part, because of ORS 161.025. The relevant portion of the latter statute states:

"(1) The general purposes of * * * [this Act] are:

"* * * * *

"(d) To * * * limit the condemnation of conduct as criminal when it is without fault."

We do not believe that this legislative direction requires the result reached by the Court of Appeals. Our interpretation does not render ORS 167.232 a crime "without fault." Conviction still depends on establishing that the defendant fraudulently misrepresented the substances he sold, which in itself constitutes knowingly culpable behavior.

Since the literal interpretation used by the Court of Appeals forced that court to reach a patently unreasonable result, we reject it. With this modification, the decision of the Court of Appeals is affirmed.

Affirmed.