Argued July 21, affirmed August 17, 1977

CONRAD, *Petitioner,*
*v.*
MOTOR VEHICLES DIVISION, *Respondent.*

(CA 7761)

567 P2d 587

Charles W. Carnese, Portland, argued the cause and filed the brief for petitioner.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal from an order of the Motor Vehicles Division that petitioner's driving and registration privileges be suspended unless he files proof of financial responsibility. ORS 486.211 requires the Division to obtain proof of financial responsibility from drivers convicted, among other things, of "[d]riving * * * under the influence of narcotic drugs, dangerous drugs or intoxicating liquor * * *." Petitioner was convicted of the offense of "driving under the influence of intoxicants." ORS 487.540. Petitioner contends that ORS 486.211 is not applicable to him because his offense was being under the influence of "intoxicants" rather than "drugs" or "intoxicating liquor." We agree with the Division's contrary reading of the statutes.

The present driving-under-the-influence-of-intoxicants statute, ORS 487.540, was enacted as part of the revised vehicle code. Oregon Laws 1975, ch 451, § 87, p 769. It replaced former ORS 483.992(2), driving under the influence of intoxicating liquor, and former ORS 483.999, driving while having .15 percent or more blood alcohol content. Although the details vary slightly, the substance of ORS 487.540 and former ORS 483.992(2) is essentially the same. In such a situation,

> "When one statute refers to another, either by general * * * reference or designation, the reference shall extend to and include * * * statutes enacted expressly in lieu thereof * * *." ORS 174.060.

Moreover, construing the statutes in the manner urged by petitioner would produce the absurd result of requiring proof of financial responsibility by drivers convicted under the old statute, but not requiring such proof by drivers convicted under the new statute that is essentially the same in substance. *See State v. Irving,* 268 Or 204, 520 P2d 354 (1974).

Affirmed.