*[329]
 
 JOHNSON, J.
 

 Defendant, age 22, was charged and convicted of the crime of Criminal Activity in Drugs, ORS 167.207, for unlawfully furnishing marijuana to a minor, age 17. ORS 167.207 provides:
 

 "(1) A person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug.
 

 "(2) Except as provided in subsections (3) and (4) of this section, criminal activity in drugs is a Class B felony, or the court may, under the criteria set forth in ORS 161.705, enter judgment for a Class A misdemeanor and impose sentence accordingly.
 

 "(3) Notwithstanding subsection (2) of this section, if the conviction is for possession of less than one avoirdupois ounce of marijuana it is a violation punishable by a fine of not more than $100.
 

 "(4) Notwithstanding subsection (2) of this section, if the defendant is 18 years of age or over and the conviction is for furnishing a narcotic or dangerous drug to a person under 18 years of age and who is at least three years younger than the defendant, criminal activity in drugs is a Class A felony.”
 

 Defendant was convicted of a Class A felony under subsection (4) and sentenced to a maximum of ten years imprisonment.
 
 [1]
 

 Defendant assigns as error the trial court’s refusal to instruct the jury that, in order to find him guilty of a Class A felony, the state must prove beyond a reasonable do^bt that defendant knew that the person with whom he dealt was under 18 and at least 3 years younger than defendant.
 
 [2]
 
 Defendant’s argument is
 
 *[330]
 
 premised on Article 2 of the Criminal Code, ORS 161.095 to 161.125, setting forth the general culpability requirements applicable to all criminal statutes.
 

 At the outset, ORS 161.025 provides:
 

 "(1) The general purposes of * * * [this Act] are: "‡ * * * *
 

 "(c) To give fair warning of the nature of the conduct declared to constitute an offense and of the sentences authorized upon conviction.
 

 "(d) To define the act or omission and the accompanying mental state that constitute each offense and limit the condemnation of conduct as criminal when it is without fault.
 

 ifi * * *
 
 99
 

 The official Commentary to the Criminal Code explains:
 

 "Paragraph (d) is intended to make clear that there is a legislative policy against creating liability without fault crimes (the so-called regulatory, public welfare, public tort or absolute liability crimes), with heavy penalties. This provision should be considered in connection with Article 7 which sets up the violation classification and in connection with the general requirements for culpability set out in Article 2.
 

 * * * *
 

 "The Commission follows the Model Penal Code in expressing a policy adverse to use of 'strict liability’ concepts in criminal law, whenever the offense carries a possibility of sentence of imprisonment.
 

 "This position relates not only to offenses defined by the criminal code itself, but covers the entire body of state law, so far as penal sanctions are involved. As noted by the Model Penal Code commentators, in the absence of minimal culpability, the law has neither a
 
 *[331]
 
 deterrent nor corrective nor an incapacitative function to perform * * Commentary at 4, 11.
 

 Pursuant to these principles, ORS 161.095(2) provides:
 

 "(2) Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state.”
 

 The only exception to the requirement of this statute that a culpable mental state be found for each material element appears in ORS 161.105, which states that a culpable mental state is not required for a "violation” or for certain offenses defined by a statute outside the criminal code. ORS 167.207 is part of the criminal code.
 

 ORS 161.115 sets forth the rules for determining the degree of culpability required. Subsection (1) of the statute states:
 

 "(1) If a statute defining an offense prescribes a culpable mental state but does not specify the element to which it applies, the prescribed culpable mental state applies to each material element of the offense that necessarily requires a culpable mental state.”
 

 The phrase "necessarily requires a culpable mental state” may add some confusion to our analysis. However, in view of the strong, policy embodied in the statutes of requiring a culpable mental state for every material element, it is apparent that this phrase refers to all elements which go to the substance of the conduct prohibited. The only elements which do not "necessarily require a culpable mental state” are those which relate to jurisdiction and the like but are unrelated to the prohibited conduct. The Commentary makes this clear:
 

 "* * * The quoted phrase is designed to make it clear that the draft does not require
 
 scientervatYv
 
 respect to an
 
 *[332]
 
 element relating solely to the statute of limitations, jurisdiction, venue and the like.” Commentary at 9.
 

 The import of these statutes and the Commentary is clear. Because of the enhanced penalty provision of ORS 167.207(4), the age of the person to whom narcotic or dangerous drugs are furnished is a material element of the crime, and an element which necessarily requires a culpable mental state. The required degree of culpability provided in subsection (1) of ORS 167.207 is "knowingly.” Under ORS 161.095, that degree of culpability is applicable to every material element of the crime. Any other conclusion would require that we ignore the culpability requirements of Article 2, which the Commentary refers to as "[pjerhaps the single most basic part of the [new Criminal] Code.” Commentary at 11.
 

 This case is not controlled by
 
 State v. Irving,
 
 268 Or 204, 520 P2d 354 (1974). In
 
 Irving,
 
 the Supreme Court held that for a conviction under ORS 167.232, which makes it a crime to fraudulently sell imitation drugs to a peace officer, it is not necessary to prove that the violator knew that the person to whom he sold the drugs was a peace officer. The Supreme Court relied upon two factors not present here — legislative history to the effect that the statute was not to be limited to situations where the seller knew the identity of the buyer, and the court’s opinion that a literal application of the statutory culpability requirements would produce an absurd result. To the contrary, the legislative history of ORS 167.207(4) does not provide any indication of intent to dispense with the requirement of mental culpability with respect to the age of the person to whom drugs are furnished. In addition, a literal application of the statutory culpability requirements to ORS 167.207(4) would not yield an absurd result.
 

 Defendant’s final assignment of error challenges the trial court’s refusal to grant his motion for a judgment of acquittal on the ground that the state
 
 *[333]
 
 failed to present sufficient evidence to support every material allegation in the accusatory instrument.
 
 [3]
 
 Specifically, defendant contends that there was insufficient evidence to establish that the "baggie” exchanged between defendant and the recipient contained marijuana. While the evidence presented by the state on this issue was circumstantial, it was sufficient to present a jury question.
 
 See State v. Krummacher,
 
 269 Or 125, 523 P2d 1009 (1974). The evidence presented was sufficient to warrant the jury’s finding that defendant committed the lesser included offense of knowingly and unlawfully furnishing a narcotic or dangerous drug. Consequently, under our constitutional authority
 
 [4]
 
 we remand for entry of judgment and resentencing pursuant to ORS 167.207(2).
 

 Affirmed as modified and remanded for resentencing.
 

 [1]
 

 Under ORS 161.605(2), a sentence of ten years is the maximum provided for a Class B felony.
 

 [2]
 

 The court instead instructed the jury that the state had to prove the following:
 

 "* * * that the defendant knowingly and unlawfully furnished a
 
 *[330]
 
 narcotic drug, to wit: marijuana; * * * that defendant is 18 years of age or over; * * * that defendant furnished the narcotic drug to * * * a person under 18 years of age and at least three years younger than defendant.”
 

 [3]
 

 Defendant also assigns as error the trial court’s admission of a juvenile department "intake sheet” into evidence as proof of the age of the person to whom the defendant allegedly furnished drugs. We do not reach this assignment in view of our holding that defendant cannot be convicted under ORS 167.207(4).
 

 [4]
 

 Art. VII, § 3, Oregon Constitution;
 
 see State v. Branch,
 
 244 Or 97, 415 P2d 766 (1966);
 
 State v. Niehuser,
 
 21 Or App 33, 533 P2d 834 (1975).