Argued January 18, affirmed May 8, reconsideration denied June 28,
petition for review allowed October 3, 284 Or 1 (1978)

STATE OF OREGON, *Respondent,*

*v.*

ROBERT WALLACE HASH, JR., *Appellant.*

(No. 77-0983, CA 8908)

578 P2d 482

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals his conviction in a trial to the court on a charge of being an ex-convict in possession of a concealable firearm. ORS 166.270(1).[1] The indictment read:

> "The defendant on or about the 11th day of February, 1977, in the county aforesaid, did unlawfully and knowingly have in his possession and under his control *a firearm,* a .32 caliber revolver, capable of being concealed upon his person, having previously been convicted in Lane County, Oregon in 1973 of the felony Forgery in the First Degree; contrary to statute and against the peace and dignity of the State of Oregon." (Emphasis supplied.)

The evidence showed that the defendant had in his possession a .32 caliber revolver of pre-World War II vintage which was capable of being fired. Defendant testified that he believed the device to be inoperable, and the man from whom it was obtained testified that he told defendant it would not fire.[2] At the close of the case the trial court ruled that defendant's belief as to operability was irrelevant and that it was sufficient for the state to show that defendant was in possession of a firearm capable of being fired. Defendant assigns that ruling as error.

---

[1] ORS 166.270(1):

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearms capable of being concealed upon the person, or machine gun, commits the crime of exconvict in possession of a firearm.

"* * * * *."

[2] Defendant also testified that he did not think he could get ammunition for the gun. While that state of mind might have tended to diminish the gun's market or other value, it does not bear on the issue presented on appeal. Defendant also asserted at trial that the gun was an antique within the meaning of ORS 166.460 and therefore was not the subject of a charge under ORS 166.270. That statutory exception as a defense to the charge is not involved in this appeal either.

■ ORS 166.270, set out in footnote 1, does not expressly require any culpable mental state. ORS 161.115(2) provides:

"(2) Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

Because the offense with which defendant is charged does not come within the exception set forth in ORS 161.105,[3] a culpable mental state is required as to each material element. ORS 161.095;[4] *State v. Blanton,* 31 Or App 327, 570 P2d 411, *rev pending* (1977).

■ At the time of the purported offense (and at the time of trial) there was no definition of "firearm" expressly applicable to ORS ch 166. The term was defined in ORS 164.055 (theft in the first degree) as "* * * a weapon by whatever name known, which is designed to expel a projectile by the action of black

---

[3] ORS 161.105:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"(a) The offense constitues a violation, unless a culpable mental state is expressly included in the definition of the offense; or

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof.

"(2) Notwithstanding any other existing law, and unless a statute enacted after January 1, 1972, otherwise provides, an offense defined by a statute outside the Oregon Criminal Code that requires no culpable mental state constitutes a violation.

"(3) Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.655."

[4] ORS 161.095(2):

"(2) Except as provided in ORS 161.105, a person is not guilty of an offense unless he acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

powder or smokeless powder and which is readily capable of use as a weapon." The state suggests that the legislature intended the same definition to apply under ORS 166.270.[5] Whether the legislature intended that is debatable.[6] Still, the term as used in ORS 166.270 has to be defined somehow; and given that both crimes have a closely related policy foundation, *i.e.,* to deter the obtaining of guns by those most likely to use them criminally, it makes sense to give the word the same meaning in both places. We will do so.

■   That is only part of the definitional problem, for the word "weapon" by itself is nowhere defined in the code. The commonly understood meaning is any instrument or device that can be used offensively or defensively to gain an advantage. *See State v. McCann,* 43 Or 155, 159, 72 P 137 (1903). Applying the foregoing definitions, it is undeniable that a .32 caliber revolver which has every appearance of being a working gun is within the prohibition of ORS 166.270(1). The legislature used the word "weapon" in the generic sense first and then attached two limitations on that meaning: design as a *gun* and capability for *use* as a *weapon.* If the legislature intended to say a firearm is a gun capable of use as a gun, it could and presumably would have done that. It did not.

■■   We conclude that the state was required to prove only that the revolver was a firearm within the definition adopted from ORS 164.055 which was capable of being concealed on the person and that defendant had the requisite mental element of knowingly having it in his possession. Defendant's evidence as to his state of mind was not relevant to contradict that burden of proof. Any other conclusion would make a

[5]The quoted definition of "firearm" was specifically made part of ORS ch 166 by Oregon Laws 1977, ch 769.

[6]ORS 164.055 was part of the 1971 revision of the Oregon Criminal Code. ORS 166.270 was not, and in substance predates the 1971 revision. However, *see* ORS 161.035(2).

sound public policy unnecessarily hard to enforce without any warrant in the statutory language.

Affirmed.

**JOHNSON, J.,** dissenting.

I understand the majority to hold:

1. that possession of a firearm is a material element of the crime defined in ORS 166.270(1) and that a culpable mental state is required;

2. that the definition of "firearm" appearing in ORS 164.055 also applies to ORS 166.270(1); and

3. that as defined a "firearm" includes guns which are incapable of being fired.

I concur with the first two propositions. Under the state's argument, this alone would require reversal because the state concedes that the gun had to be operable, but argues that no culpable mental state is required.

The majority states that a firearm is any object "design[ed] as a *gun* and * * * [capable] for *use* as a weapon," i.e. capable for use "to gain an advantage." 34 Or App at 285. The majority emphasizes that the pre-World War II .32 caliber revolver at issue here has the appearance of a gun, that thus can be used as a weapon, even if inoperative. I agree, and the same could be said of many toy guns which are designed neither as a weapon, nor to expel a projectile by the use of black or smokeless powder. Under the majority rule, we would also have to include as "firearms" an antique gun[1] or a gun with a 90 degree bend in its barrel. Although the latter guns may not have the appearance of operability as a firearm, they nevertheless could be used as clubs and thus as weapons. The

---

[1] ORS 166.460 provides:

"ORS 166.230, 166.250 to *166.270,* 166.280, 166.290, 166.410 to 166.450, and 166.470 do not apply to antique pistols or revolvers incapable of use as such." (Emphasis supplied.)

question arises: Why did not the legislature make it illegal for an ex-convict to possess anything "that can be used offensively or defensively to gain an advantage?" 34 Or App at 285.

ORS 164.055 is ambiguously worded. I would construe the ambiguous language to mean that a firearm is a weapon designed to and capable of expelling a projectile by the action of black or smokeless powder. The interpretation adopted by the majority imposes strict felony liability on a broad range of non-culpable conduct. The majority rationalizes strict liability on the grounds that "[a]ny other conclusion would make a sound public policy unnecessarily hard to enforce * * *." 34 Or App at 285-86. Such rationalization was rejected by the legislature when it enacted the 1971 Criminal Code and particularly those provisions relating to culpability, ORS 161.085 to ORS 161.125. The official Commentary to the Code states:

"* * * Perhaps the single most basic part of the Code is the culpability of part of it. * * *

"The Commission follows the Model Penal Code in expressing a policy adverse to use of 'strict liability' concepts in criminal law, whenever the offense carries a possibility of sentence of imprisonment.

"This position relates not only to offenses defined by the criminal code itself, but covers the entire body of state law, so far as penal sanctions are involved. * * *" Proposed Oregon Criminal Code 10-11, Commentary, § 11 (1970).

I respectfully dissent.

Schwab, Chief Judge, and Gillette and Roberts, Judges, join in this dissent.