Argued May 31, reversed and remanded for trial
September 17, reconsideration denied October
25, petition for review denied November 13, 1979

STATE OF OREGON,
*Appellant,*
*v.*
CARL DEAN BRANSTETTER,
*Respondent.*

(No. 78-1-279, CA 11826)

600 P2d 431

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem.

[109]

John Henry Hingson III, Oregon City, argued the cause and filed the brief for respondent.

Before Thornton, Presiding Judge, Buttler and Joseph, Judges, and Peterson, Judge Pro Tempore.

THORNTON, P. J.

## THORNTON, P. J.

This is an appeal by the state from an order of the circuit court dismissing a Habitual Traffic Offender complaint charging defendant with having been convicted of three or more major traffic offenses within a five-year period. ORS 484.700 to 484.750.

The issue presented is: Can convictions under the former vehicle code for driving under the influence of intoxicating liquor (DUIL) and driving with .15 percent or more blood alcohol content be considered by the court in determining whether a person is an habitual traffic offender? We hold that they may be considered, and therefore reverse.

The basis of the complaint against defendant was that he had been convicted of three or more traffic offenses within a five-year period.

The trial judge concluded that since the statute involved here, ORS 484.705(1)(a)(B),[1] does not include statutory counterparts, prior violations of the former vehicle code cannot be considered. We do not agree.

Based upon our examination of the Habitual Traffic Offender Act and its legislative history, we conclude that the reference in the new law to "driving while under the influence of intoxicants" and driving with .10 percent or more blood alcohol content includes any conviction within five years for "DUIL" or driving

---

[1] "(1) As used in ORS 484.700 to 484.750, unless the context requires otherwise, 'habitual offender' means any person, resident or nonresident, who within a five-year period, has been convicted of or forfeited bail for the number and kinds of traffic offenses described by paragraph (a) or (b) of this subsection, as evidenced by the records maintained by the division.

"(a) Three or more of any one or more of the following offenses:

" * * * * *

"(B) Driving while under the influence of intoxicants as defined by ORS 487.540;

" * * * * * " ORS 484.705(1)(a)(B).

with .15 percent or more blood alcohol content under counterpart former statutes. The current statute, ORS 487.540, defining the offense of DUII, replaces both former ORS 483.992(2) (DUIL) and driving while having .15 percent or more blood alcohol content.

It should be noted that the statute by its terms covers all convictions within five years. The construction urged by defendant would necessarily render the five year proviso a nullity as to all past convictions within five years of the passage of the revised vehicle code. Oregon Laws 1975, ch 451, § 125; *see Conrad v. Motor Vehicles Div.*, 30 Or App 501, 567 P2d 587 (1977).

In *Conrad* we held that the statutory provision requiring the Division to obtain proof of financial responsibility from drivers convicted, among other things, of driving under the influence of narcotic drugs, dangerous drugs or intoxicating liquor, was applicable to the petitioner even though he was convicted of driving under the influence of "intoxicants" rather than under the influence of "drugs" or "intoxicating liquor."

In explaining our decision, we stated:

"The present driving-under-the-influence-of intoxicants statute, ORS 487.540, was enacted as part of the revised vehicle code. Oregon Laws 1975, ch 451, § 87, p 769. It replaced former ORS 483.992(2), driving under the influence of intoxicating liquor, and former ORS 483.999, driving while having .15 percent or more blood alcohol content. Although the details vary slightly, the substance of ORS 487.540 and former ORS 483.992(2) is essentially the same. In such a situation,

" 'When one statute refers to another, either by general * * * reference or designation, the reference shall extend to and include * * * statutes enacted expressly in lieu thereof * * *.' ORS 174.060." *Conrad v. Motor Vehicles Div., supra,* 30 Or App at 503.

[112]

The above analysis and reasoning is equally applicable here.

There is nothing in the legislative history of the 1975 amendments to the vehicle code which shows an intent to exclude convictions under the former statutes on driving under the influence. The 1977 amendments merely deleted the reference to the old statutes and inserted the new one. As part of amendments the name of the offense was changed from DUIL to DUII.

Construing the statutes in the manner urged by defendant would produce the absurd result of pardoning habitually errant drivers for all previous violations, notwithstanding the plain and obvious purpose of the Act to penalize such drivers on account of their previous law violations and keep them off the highways of this state. Defendant relies on *State v. Thomas,* 34 Or App 187, 578 P2d 452, *rev den* (1978), where this court held that a traffic conviction in a sister state for DUIL was not a prior conviction which elevates a traffic infraction to a misdemeanor under ORS 487.365.

We find *Thomas* distinguishable on its facts. There the issue was as to DUIL convictions in sister states. The case at bar is in no way concerned with out-of-state convictions but with prior convictions for driving under the influence in this state.

As the Supreme Court observed in *Pacific P. & L. v. State Tax Com.,* 249 Or 103, 110, 437 P2d 473 (1968):

" * * * [I]t is the duty of the court in construing a statute to ascertain the intention of the Legislature and to refuse to give literal application to language when to do so would produce 'an absurd or unreasonable result,' but rather 'to construe the act, if possible, so that it is a reasonable and workable law and not inconsistent with the general policy of the Legislature * * *.'" (Citations omitted.)

Reversed and remanded for trial.

[113]