Argued and submitted May 31, affirmed August 2, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT JOHN HUTCHINSON,
*Appellant.*

(982281; CA A103503)

9 P3d 722

Kimi Nam, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

## BREWER, J.

Defendant appeals from his conviction for assault in the second degree. ORS 163.175. He argues that the grand jury indictment underlying his conviction was constitutionally defective because, at the time of the indictment, the only statute prescribing qualifications for grand jurors was suspended by the legislature. Defendant also challenges the trial court's imposition of a mandatory minimum sentence under Measure 11, rather than a lesser guidelines sentence. We review for errors of law, ORS 138.220, and affirm.

Defendant was indicted by a grand jury in May 1998 on 20 felony counts. Before trial, defendant filed a motion to quash the indictment, arguing that "the grand jury that purportedly indicted [defendant] was invalid as a matter of constitutional law because the legislature has not promulgated laws to qualify grand * * * jurors," and that the district attorney must charge him by information and preliminary hearing. The trial court denied the motion. Defendant was found guilty after a stipulated facts trial of one count of assault in the second degree. Defendant argued that he should be sentenced under the sentencing guidelines; instead, the trial court sentenced him to 70 months in prison pursuant to Measure 11's mandatory minimum sentence requirements.

Defendant first assigns error to the trial court's denial of his motion to quash the indictment. He argues that, at the time he was indicted, there was no statute in force prescribing qualifications for grand jurors and, therefore, the indictment violated Article VII, section 5, of the Oregon Constitution. The state responds that section 9b of Senate Bill 936 (SB 936) operated "in lieu of" the statute normally prescribing juror qualifications and, therefore, that statutory qualifications for grand jurors *did* exist at the time of defendant's indictment. We agree with the state.

Article VII, section 5, of the Oregon Constitution, provides, in part:

"(1)   The Legislative Assembly shall provide by law for:

"(a)   Selecting juries and qualifications of jurors;

"(b)   Drawing and summoning grand jurors from the regular jury list at any time, separate from the panel of petit jurors[.]"

The legislature has provided for the selection and qualification of grand jurors in ORS 132.010, which states:

"A grand jury is a body of seven persons drawn from the jurors in attendance upon the circuit court at a particular jury service term, having the qualifications prescribed by ORS 10.030 and sworn to inquire of crimes committed or triable within the county from which they are selected."

It is the statute to which ORS 132.010 refers—ORS 10.030—that is at the root of the current controversy. Prior to 1996, ORS 10.030 did not disqualify nonvoters or convicted felons from jury service, nor did it impose distinct qualifications for civil and criminal juries or for grand juries.[1] In November 1996, the voters approved Measure 40, which purported to amend the Oregon Constitution, among other

---

[1] ORS 10.030 (1995) provided:

"(1) Except as otherwise specifically provided by statute, the opportunity for jury service shall not be denied or limited on the basis of race, national origin, gender, age, religious belief, income, occupation or any other factor that discriminates against a cognizable group in this state.

"(2) Any person is eligible to act as a juror unless the person:

"(a) Is not a citizen of the United States;

"(b) Does not live in the county in which summoned for jury service;

"(c) Is less than 18 years of age; or

"(d) Has had rights and privileges withdrawn and not restored under ORS 137.281."

ORS 137.281 (1995) provided, in part:

"(1) In any felony case, when the court sentences the defendant to a term of imprisonment * * *, the defendant is deprived of all rights and privileges described in subsection (3) of this section from the date of sentencing until:

"(a) The defendant is discharged or paroled from imprisonment; or

"(b) The defendant's conviction is set aside.

"* * * * *

"(3) The rights and privileges of which a person may be deprived under this section are:

"* * * * *

"(c) Acting as a juror; * * *

"* * * * *

"(5) The rights and privileges withdrawn by this section are restored automatically upon discharge or parole from imprisonment * * *."

effects, to bar persons not registered to vote, as well as persons convicted of a felony within the previous 15 years, from serving on criminal juries. Measure 40 was ultimately declared unconstitutional in its entirety by the Oregon Supreme Court, because it violated the separate vote requirement of Article XVII, section 1, of the Oregon Constitution. *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998).

While court challenges to the constitutionality of Measure 40 were pending, the 1997 Legislature passed SB 936, which implemented the provisions of Measure 40 at a statutory level. SB 936 provided that "ORS 10.030 shall not be operative" for the period from December 5, 1996 to July 1, 1999. During that period, the legislature provided that section 9b of SB 936 would "operate in lieu thereof." Or Laws 1997, ch 313, § 9a. Section 9b provided:

"(1)   Except as otherwise specifically provided by statute, the opportunity for jury service shall not be denied or limited on the basis of race, national origin, gender, age, religious belief, income, occupation or any other factor that discriminates against a cognizable group in this state.

"(2)   Any person is eligible to act as a juror in a civil trial unless the person:

"(a)   Is not a citizen of the United States;

"(b)   Does not live in the county in which summoned for jury service;

"(c)   Is less than 18 years of age; or

"(d)   Has had rights and privileges withdrawn and not restored under ORS 137.281.

"(3)(a)   Any person is eligible to act as a juror in a criminal trial, beginning on or after December 5, 1996, unless the person:

"(A)   Is not a citizen of the United States;

"(B)   Does not live in the county in which summoned for jury service;

"(C)   Is less than 18 years of age;

"(D)   Has had rights and privileges withdrawn and not restored under ORS 137.281;

"(E)   Has been convicted of a felony or served a felony sentence within the prior 15 years; or

"(F)   Is not registered to vote."

In addition, SB 936, section 8, amended ORS 10.030. Section 8 adopted the exact language of section 9b, omitting only the disqualification of nonregistered voters from criminal trial jury service. That amendment took effect on July 1, 1999, the date that section 9b was automatically repealed.

Via another bill—House Bill 3364 (HB 3364)—the 1997 Legislature further amended ORS 10.030 to disqualify certain convicted felons from serving as grand jurors.[2] HB 3364, unlike SB 936, section 8, was not expressly given a delayed effective date and would thus, normally, have taken effect in October 1997, 90 days after the end of the legislative session.[3] However, HB 3364 did not purport to amend any provision of SB 936. Accordingly, because SB 936, section 9a, provided that ORS 10.030 was "not * * * operative" again until July 1, 1999, it is that later date on which HB 3364 actually took effect.

Defendant was indicted by a grand jury in May 1998, when section 9b of SB 936 was in effect and ORS 10.030 was not operative. Defendant argues that the suspension of ORS 10.030 by SB 936 rendered all grand juries convened between December 6, 1996, and July 1, 1999, constitutionally incapable of returning indictments, because "under the terms of ORS 132.010 grand jurors are qualified only under ORS 10.030, and not otherwise." That argument is not well taken.

---

[2] HB 3364 was enacted as ORS 10.030 and provides, in part:

"(5)  In addition to the disqualifications listed in subsection (2) of this section, a person is ineligible to act as a juror on a grand jury if the person has been convicted of a felony, other than a felony traffic offense, or has served a felony sentence, other than a sentence for a felony traffic offense, within the prior 15 years. As used in this subsection, 'conviction' means an adjudication of guilt upon a verdict or finding entered in a criminal proceeding in a court of competent jurisdiction." Or Laws 1997, ch 736.

[3] Article IV, section 28, of the Oregon Constitution, provides:

"No act shall take effect, until ninety days from the end of the session at which the same shall have been passed, except in case of emergency; which emergency shall be declared in the preamble, or in the body of the law."

The legislature specifically has provided for these and similar circumstances by enacting ORS 174.060, which provides:

> "When one statute refers to another, either by general or by specific reference or designation, the reference shall extend to and include, in addition to the statute to which reference was made, amendments thereto and statutes enacted expressly in lieu thereof unless a contrary intent is expressed specifically or unless the amendment to, or the statute enacted in lieu of, the statute referred to is substantially different in nature of its essential provisions from what the statute to which reference was made was when the statute making the reference was enacted."

Section 9b was expressly enacted in lieu of ORS 10.030 during the period that the latter statute was not operative. Although section 9b established two disqualifications for jurors in criminal trials that were not provided for civil jurors, it was not "substantially different" from ORS 10.030 (1995) in the *nature* of its essential provisions: each provided for the qualifications of jurors in *all* trial proceedings. *Cf. Harris v. Board of Parole*, 47 Or App 289, 297-99, 614 P2d 602 (1980), *rev den* 291 Or 504 (1981) (substituted statute incorporated by reference where original and substituted provisions both dealt with subject of scope of judicial review in contested cases); *Conrad v. Motor Vehicles Div.*, 30 Or App 501, 503, 567 P2d 587 (1977) (substituted statute incorporated by reference financial responsibility statute where original and substituted provisions established similar—but not fully identical—offenses involving intoxication while driving).

Neither section 9b nor ORS 10.030 (1995) specifically referred to grand jurors, as opposed to jurors generally. However, defendant does not contend that ORS 10.030 (1995)—as incorporated by reference in ORS 132.010—did not provide for grand juror qualifications. That reticence is understandable, because incorporation by reference is a common legislative means of applying what would otherwise be unrelated statutory provisions to the circumstances at hand. Thus, the fact that section 9b did not expressly provide for grand juror qualifications does not suggest at all that the legislature did not intend for it to function in lieu of ORS 10.030

in the operation of ORS 132.010. To the contrary, the substitution of section 9b into the statutory reference in ORS 132.010 would be consistent with the previous relationship between ORS 132.010 and ORS 10.030 (1995). We thus conclude that, at the time of defendant's indictment, SB 936, section 9b, provided qualifications for grand jurors by reference under ORS 132.010. That reference was effectuated by operation of ORS 174.060. Therefore, the legislature complied with the constitutional requirement that it establish qualifications for grand jurors.

We recognize that there are uncertainties about the relationship between SB 936 and ORS 132.010 as it pertains to disqualifications from grand jury service. For example, do the qualifications for *civil* trial jurors apply to grand jurors or, alternatively, do the more restrictive qualifications for *criminal* trial jurors apply? Defendant does not contend that the lawfulness of the composition of the grand jury impaneled for his case depends on the answers to those questions. In fact, defendant does not discuss them at all. His challenge focuses only on the narrow issue of whether the legislature had prescribed *any* qualifications for grand jurors when he was indicted. Resolution of the uncertainty to which we have referred—or any others, for that matter—therefore, is not necessary or appropriate in this case.

Because statutorily provided qualifications for grand jurors were in effect at the time defendant was indicted, the trial court did not err in denying his motion to quash the indictment. Defendant's second assignment of error does not require discussion. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den sub nom Sawyer v. Oregon ex rel Huddleston*, 522 US 994 (1997).

Affirmed.