Argued May 5, affirmed December 19, 1978

# STATE OF OREGON, *Petitioner,*
*v.*
# MICHAEL RAY BLANTON, *Respondent.*
## (TC 21229, CA 7543, SC 25685)

588 P2d 28

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General.

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender.

LINDE, J.

**LINDE, J.**

Defendant was charged in October, 1976, with the offense of criminal activity in drugs. The statute in effect at that time, ORS 167.207, provided:

(1) A person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug.

(2) Except as provided in subsections (3) and (4) of this section, criminal activity in drugs is a Class B felony, or the court may, under the criteria set forth in ORS 161.705, enter judgment for a Class A misdemeanor and impose sentence accordingly.

(3) Notwithstanding subsection (2) of this section, if the conviction is for possession of less than one avoirdupois ounce of marijuana it is a violation punishable by a fine of not more than $100.

(4) Notwithstanding subsection (2) of this section, if the defendant is 18 years of age or over and the conviction is for furnishing a narcotic or dangerous drug to a person under 18 years of age and who is at least three years younger than the defendant, criminal activity in drugs i[s] a Class A felony.[1]

The district attorney's information charged that defendant, being of the age of 21 years, "did unlawfully and knowingly furnish to David McMillan, a 17-year old person, the narcotic drug, marijuana . . . ."

The trial court refused defendant's request for an instruction requiring the state to prove beyond a reasonable doubt that defendant knew the recipient of the marijuana to be 17 years old. The court accepted the state's view that the word "knowingly" in the statute and in the charging instrument referred to knowledge of the other elements of the offense but not of the recipient's age. Defendant was convicted of the

---

[1]Effective July 1, 1978, the offense of delivery of marijuana to a minor is defined in ORS 475.995. We express no view on the effect of this transfer of the offense from the Criminal Code to the Uniform Controlled Substances Act.

Class A felony defined in ORS 167.207(4). On appeal, the Court of Appeals held that defendant's conviction of the higher degree of the offense under subsection (4) could not stand in the absence of the requested instruction on defendant's knowledge of the recipient's age, and it remanded the case to the trial court for entry of judgment and sentence under subsection (2). 31 Or App 327, 570 P2d 411 (1977). Having allowed the state's petition for review, we affirm the conclusion reached by the Court of Appeals.

Defendant's argument places much reliance on the general policy of the 1971 criminal code to avoid "strict liability" offenses, at least when the penalty includes possible imprisonment.[2] That argument overshoots the mark, since culpable knowledge is a requirement of criminal activity in drugs under ORS 167.207 whether or not it extends to the age element of subsection (4). A policy against criminal liability without fault need not go so far as to protect a culpable defendant from an unanticipated extent of liability. However, the policy adopted by the legislature is to require a culpable mental state with respect to each element in the definition of an offense, with the exceptions stated in ORS 161.105. *See* note 2 *supra.* ORS 161.095(2) provides that, with those exceptions, "a person is not guilty of an offense unless he acts with

[2]ORS 161.025(1)(d) includes among the purposes of the 1971 criminal code "[t]o define the act or omission and the accompanying mental state that constitute each offense and limit the condemnation of conduct as criminal when it is without fault." ORS 161.105 draws a line between crimes and "violations," providing that an offense punishable only as a violation does not require a culpable mental state unless expressly included in the definition of the offense and, conversely, that a statutory offense defined not to require a culpable mental state constitutes only a violation, unless a subsequently enacted statute provides otherwise. See also the Commentary of the Criminal Law Revision Commission *reprinted in* Oregon Criminal Code of 1971 (Or. Dist. Attys. Assoc. 1975), at 9-11. ORS 161.105(1)(b) excludes from the general requirement of a culpable mental state an offense defined outside the criminal code when there is a clear indication of legislative intent to dispense with the requirement. Similarly, in *State v. Irving,* 268 Or 204, 520 P2d 354 (1974), the court found a legislative intent in ORS 167.232 not to require proof of knowledge that the buyer was a peace officer though that was an element of the crime, a conclusion bolstered by the view that a contrary reading appeared absurd.

a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state." And ORS 161.115(1) provides guidance in determining which culpable mental state is required:

> If a statute defining an offense prescribes a culpable mental state but does not specify the element to which it applies, the prescribed culpable mental state applies to each material element of the offense that necessarily requires a culpable mental state.

As the Court of Appeals noted, the qualifying phrase "that necessarily requires a culpable mental state" in these sections introduces a confusing appearance of circularity in the text. The court concluded that the phrase apparently was meant to distinguish those elements defining the substance or quality of the forbidden conduct from others relating, in the explanation of the Criminal Law Revision Commission, "solely to the statute of limitations, jurisdiction, venue and the like," and the state offers no contrary explanation.[3] There is no question that the age of the recipient is a material element of the offense defined as a Class A felony in ORS 167.207(4). Accordingly, we read ORS 161.115(1) to extend to that element the opening requirement of ORS 167.207 that one must have acted "knowingly" to be guilty of criminal activity in drugs.

Affirmed.

---

[3] Whether or not the commission's explanation succeeds in resolving such issues, for instance with respect to knowledge that an act is committed within this state, we agree that it shows the phrase was not meant to qualify the requirement of knowledge of recipient's age under ORS 167.207.