Argued and submitted April 25, reversed and remanded for a new trial July 18, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# ELIZABETH MARIE WYATT,
*Appellant.*

(CF 88-352; CA A51241)

794 P2d 1243

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals her conviction for delivery of a controlled substance, marijuana. ORS 475.992(1). She contends that the court erred in admitting evidence regarding the character of a witness for the state. We reverse.

■ The charge arose out of a purchase of marijuana from defendant by a paid police informant, Craig, who testified at trial about buying the drugs from defendant. One of the officers who participated in the investigation testified, over objection, that Craig was a "confidential reliable informant." After Craig's credibility was attacked, the officer, over objection, testified on rebuttal:

"Q. At any time did you ever have any indication that [Craig] lied to you about any aspect concerning a drug investigation?

"A. No."

Defendant argues that the testimony was an impermissible comment on Craig's believability. The state concedes, and we agree, that the court erred in overruling defendant's objection. *State v. Milbradt,* 305 Or 621, 756 P2d 620 (1988).

■ ■ The state argues, however, that the error was harmless. An evidentiary error in a criminal trial does not require reversal if there is substantial and convincing evidence of guilt and little likelihood that the error affected the verdict. *State v. Carr,* 302 Or 20, 725 P2d 1287 (1986).

There were three people present during the drug transaction; defendant, Craig and Scott, who allegedly was to supply the marijuana. Scott testified, but defendant did not.

Craig testified that, after negotiating with defendant, he went to her house, gave her $250 and retrieved a bag of marijuana from her pickup after it had been placed there by Scott. Defendant's theory, supported by Scott's testimony, was that Craig came to defendant's house with marijuana that he wanted to sell. Scott testified that he came to the house to get some guns that defendant wanted him to have and that Craig was already there. When defendant was arrested three days later, she told the officers that she had purchased the drugs from Scott as a favor to Craig and that Scott had received all of the money.

The state argues that defendant's confession completely refutes Scott's version of the transaction and, even if Craig's credibility was improperly bolstered, the evidence of guilt was substantial. We do not agree. The evidence regarding the full nature of defendant's involvement in the transaction was based on the conflicting testimony of Craig and Scott. The credibility of Craig was a central issue in the case, and it was substantially attacked by defendant. If his testimony were not believed, there would be little else to the state's case, except the summary statement by defendant described by the police officer. We conclude that the error was not harmless.

Reversed and remanded for a new trial.