Argued and submitted November 29, 1995, reversed and remanded for new trial
May 1, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM MICHAEL WALKER,
*Appellant.*

## (CM94-20589; CA A87107)

915 P2d 1039

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals his convictions for several drug-related offenses. He argues that the trial court improperly instructed the jury and erred in admitting testimonial evidence regarding the truthfulness of a trial witness. We reverse.

Between mid-October and early November 1993, an undercover informant conducted three controlled buys of methamphetamine from defendant. Two of those transactions took place at defendant's apartment, which was located within 1,000 feet of an elementary school. Defendant was charged by indictment with two counts of delivery of a controlled substance within 1,000 feet of a school, ORS 475.999, delivery of a controlled substance (schedule II), ORS 475.992(1)(b), and two counts of child neglect in the first degree, ORS 163.547. The jury convicted defendant on all charges.

■    We begin by addressing defendant's second assignment of error, because it is dispositive. In that assignment, he argues that the trial court erred when it permitted the police officer who monitored the undercover operation to testify about the credibility of the witness informant, Kelley.

At trial, Officer Holcomb described the logistics of the undercover operation and the events preceding and following the controlled buys. As the officer was testifying about his initial contacts with Kelley and the procedures he used to train her, the following colloquy occurred:

"Q.   Would it be fair to say that when you are using informants that there is a certain risk that the informant would turn against you?

"A.   Yes, there is always that risk. Whenever I gather [ ] information from any witness * * * I have to take steps to make sure that the information that I am gathering is accurate.

"Q.   Okay, were there any other steps * * * to assure that the information that you gathered was accurate?

"A.  The most important step is probably the frequent contact and double checking, basically, of all the information I received, whether from Ms. Kelley or some other source.

"Q.  In your experience in dealing with Ms. Kelley, *did any of the information that you were advised of by the informant turn out to be false?*" (Emphasis supplied.)

At that point in the questioning, defense counsel objected on the ground that the officer was commenting on the informant's credibility. The objection was overruled, and the officer answered:

"To the best of my knowledge and ability through investigation *none of the information that Ms. Kelley ever told me was untrue*, or * * * found to be false." (Emphasis supplied.)

■    The Oregon Supreme Court has repeatedly and emphatically stated that "a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth." *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983); *see also State v. Millbradt*, 305 Or 621, 756 P2d 620 (1988). That rule

"applies whether the witness is testifying about the credibility of the other witness in relation to the latter's testimony at trial or is testifying about the credibility of the other witness in relation to statements made by the latter on some other occasion or for some reason unrelated to the current litigation." *State v. Keller*, 315 Or 273, 285, 844 P2d 195 (1993).

We agree with defendant that Holcomb's statement that Kelley never gave any false information to him was improper testimony that should not have been admitted. *See State v. Wyatt*, 102 Or App 413, 794 P2d 1243 (1990) (officer's testimony that informant never lied to him was an inadmissible comment on informant's credibility).

■    An evidentiary error in a criminal trial does not require reversal if there is little likelihood that the error affected the verdict. *State v. Williams*, 313 Or 19, 56, 828 P2d 1006, *cert den* 506 US 858 (1992). In this case, the only evidence establishing defendant's direct involvement with the drug transactions came from Kelley's testimony.[1] Holcomb's

---

[1] Although it was admitted into evidence, a tape recording of one of the alleged transactions was of very poor quality.

statement about the veracity of the information that Kelley gave him was tantamount to telling the jury that it should believe Kelley's account of the actual transactions. Because credibility was a pivotal factor in this case, Holcomb's statement likely affected the jury's perception regarding the truthfulness of Kelley's testimony. Accordingly, the evidentiary error was not harmless. *See Keller*, 315 Or at 286 (improper testimony regarding child's credibility not harmless where child's account of facts central to case). We reverse defendant's convictions and remand.

■ Because the issue is likely to arise on remand, we address defendant's remaining assignment of error. He contends that the trial court erroneously instructed the jury regarding the elements of the offense of delivering a controlled substance within 1,000 feet of a school. ORS 475.999.[2] The court instructed the jury:

> "Now in this case and to establish the crime of Unlawful Delivery of a Controlled Substance Within 1000 Feet of a School, the State must prove, beyond a reasonable doubt, each of the following elements.
>
> "[T]hat the act occurred in Benton County, Oregon.
>
> "Number two, that the act occurred on or about, as to Count I, October 15, 1993 and Count III, November the 2nd of 1993.
>
> "The third element is that the defendant did unlawfully and knowingly deliver a controlled substance, Schedule II, controlled substance. *And the final element * * * is that delivery occurred within 1000 feet of the real property comprising a public or private elementary school that was attended, primarily, by minors.*" (Emphasis supplied.)

---

[2] ORS 475.999 provides, in part:

"Except as authorized by ORS 475.005 to 475.285 and ORS 475.940 to ORS 475.995, it is unlawful for any person to:

"(1) Manufacture or deliver a schedule I, II or III controlled substance within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors.

"(a) Unlawful manufacture or delivery of a controlled substance within 1,000 feet of a school is a Class A felony."

Defendant argues that the jury should have been instructed that it had to find that defendant *knew* of his proximity to a school, because the state is required to prove a culpable mental state for each material element of an offense. *See* ORS 161.095(2); *see also State v. Buttrey*, 293 Or 575, 580, 651 P2d 1075 (1982) ("A culpable mental state is generally required for criminal liability to be imposed.").[3] We disagree.

■    ORS 161.095(2) provides that, to be guilty of an offense, a person must "act[ ] with a culpable mental state with respect to each material element of the offense *that necessarily requires* a culpable mental state." (Emphasis supplied.) The Supreme Court has held that elements that "necessarily require" a culpable mental state are those "defining the substance or quality of the forbidden conduct." *State v. Blanton*, 284 Or 591, 595, 588 P2d 28 (1978). Elements relating to "the statute of limitations, jurisdiction, venue and the like" do not require proof of *mens rea. Id.*

The latter category of elements, those that do not require a culpable mental state, was further defined by this court to include elements that are not acts, but are part of the "attending circumstances." *State v. Van Norsdall*, 127 Or App 300, 873 P2d 345, *rev den* 320 Or 131 (1994). In *Van Norsdall*, we held that the state was not required to prove that the defendant knew he was a felon in order to convict him of the crime of felon in possession of a firearm, ORS 166.270, because the defendant's status as a felon was "a condition that exist[ed] outside the actor's state of mind" and was not an element that was "logically provable by a *mens rea.*" *Id.* at 304-05.

Similarly, the *location* of the offense in this instance is not an act, but an attendant circumstance of the underlying criminal conduct of delivery of a controlled substance.[4] *Cf. State v. Lark*, 316 Or 317, 851 P2d 1114 (1993) (sentencing subcategory factor for first degree burglary—whether the burglary occurred in an occupied building—is an attendant

---

[3] Defendant does not raise any state or federal constitutional claims.

[4] The state alleged and offered evidence that defendant knew he was delivering a controlled substance.

circumstance of the offense). Therefore, it is not an element that requires accompanying proof of a culpable mental state. For that reason, the court did not err when it refused to instruct the jury that it had to find that defendant knew he was delivering a controlled substance within 1,000 feet of a school.

Our result accords with decisions interpreting 21 USC § 845(a), the federal statute that was the basis for ORS 475.999.[5] *See* Testimony, House Subcommittee on Family Justice, HB 2369, February 10, 1989, Ex L. The federal "schoolyard statute" does not contain a *mens rea* requirement for the element of proximity to a school, nor does it expressly designate that the offense is strict liability, and federal courts have held that the statute does *not* require a defendant to know that he or she is within the 1,000-foot school zone in order to be convicted. *United States v. Dimas*, 3 F3d 1015 (7th Cir 1993); *United States v. Lewin*, 900 F2d 145 (8th Cir 1990); *United States v. Holland*, 810 F2d 1215, *cert den* 481 US 1057 (DC Cir 1987); *United States v. Falu*, 776 F2d 46, 50 (2d Cir 1985).

Although the court's jury instruction was proper, it erred in allowing testimony about the credibility of a trial witness.

Reversed and remanded for a new trial.

---

[5] 21 USC § 845(a) was redesignated 21 USC § 860 in 1990. Only minor amendments were made to the statute at that time.