Argued and submitted June 30, reversed and remanded for a new trial
November 16, 2005

# STATE OF OREGON,
*Respondent,*

*v.*

# CARL CORTEZ RUTLEY,
*Appellant.*

## 0201-30039; A120670

123 P3d 334

Rebecca Duncan, Chief Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Linder* and Schuman, Judges.

SCHUMAN, J.

---

* Linder, J., *vice* Richardson, S. J.

**SCHUMAN, J.**

Defendant was convicted of violating ORS 475.999 by delivering a controlled substance within 1,000 feet of a school. He assigns error to the trial court's denial of his motion for a judgment of acquittal on the ground that the state had to prove defendant's culpable mental state with respect to the distance element of the offense and to the trial court's refusal so to instruct the jury. We hold that proof of a culpable mental state was necessary and that the trial court erred in failing so to instruct the jury. Because the record contains sufficient evidence from which a rational trier of fact could have found that defendant had the requisite knowledge, we reject defendant's contention that the court should have granted a judgment of acquittal, which would require outright reversal. Instead, because of the trial court's failure to properly instruct the jury, we reverse and remand for a new trial.

■　　A statute defining an offense may specify that a conviction requires proof of a particular culpable mental state. ORS 475.999 does not do so. It provides, in part:

"[I]t is unlawful for any person to:

"(1)　Manufacture or deliver a schedule I, II or III controlled substance within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors."

Crimes such as ORS 475.999 that have no explicit statutorily prescribed culpable mental state fall within ORS 161.115(2) and ORS 161.095(2), which provide, respectively:

"Except as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

ORS 161.115(2).

"Except as provided in ORS 161.105, a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

ORS 161.095(2). The exception mentioned in both these statutes, ORS 161.105, provides, in part:

> "(1) [A] culpable mental state is not required if:
>
> "* * * * *
>
> "(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

Our first task, then, is to determine whether ORS 475.999 falls within the exception defined by ORS 161.105(1)(b). ORS 475.999 is outside the "Oregon Criminal Code." ORS 161.005. It does not, however, contain any explicit culpable mental state requirement. Such silence is insufficient to establish the clear legislative indication referred to in ORS 161.105. *State v. Cho*, 297 Or 195, 201, 681 P2d 1152 (1984). Nonetheless, the state contends that, because ORS 475.999 was modeled on 21 USC section 845(a), a federal statute that prohibited delivery of controlled substances within 1,000 feet of a school, and, at the time the Oregon statute was passed, a federal circuit court had held that a defendant could be convicted without proof that he knew he was within the proscribed zone, *United States v. Falu*, 776 F2d 46, 50 (2d Cir 1985), the Oregon legislature clearly must have intended the same interpretation. We disagree. Nothing in the legislative history of ORS 475.999 indicates that the lawmakers were aware of the federal case. Even if they were, their awareness might be *some* indication of legislative intent, but, absent any language indicating intent in the statute itself, it is far from a clear indication.[1]

Therefore, the "ORS 161.105 exception" does not apply and, under the general statutory scheme governing culpable mental states for crimes and their elements, the decisional rule determining the outcome of this case is the one set out in ORS 161.095(2): The state had to prove that defendant knew he was within 1,000 feet of a school if that

---

[1] We are also unpersuaded by defendant's argument that, because the legislature contemplated posting signs to mark the 1,000-foot boundary, the lawmakers must have intended to include a culpable mental state requirement for that element.

fact was an "element of the offense that necessarily requires a culpable mental state."

As the Supreme Court and this court have noted in somewhat more euphemistic terms, that rule, which appears in no other state or federal jurisdiction, is gibberish. *See, e.g., State v. Blanton*, 284 Or 591, 595, 588 P2d 28 (1978) (phrase "introduces a confusing appearance of circularity"); *State v. Andrews*, 174 Or App 354, 361, 27 P3d 137 (2001) (statute has a "tautological quality"). Perhaps as a consequence, the courts have used a variety of interpretations. These appear to fall into three roughly chronological categories.

The first, best stated in *Blanton*, divides elements into those "defining the substance or quality of the forbidden conduct from others relating, in the explanation of the Criminal Law Revision Commission, 'solely to the statute of limitations, jurisdiction, venue and the like[.]' " 284 Or at 595. Only the first kind of elements, those defining the substance or quality of forbidden *conduct*, are "material" and require a culpable mental state. Thus, somewhat counter-intuitively, in a prosecution for knowingly selling drugs to a person under 18 years of age, the state was required to prove that the "knowing" requirement applied not only to the act of selling but also to the recipient's age because that fact was more aptly characterized as relating to the substance of defendant's forbidden conduct than to the surrounding circumstances. *Id.*

Following (and elaborating on) the *Blanton* formulation, this court subsequently held that, in order to convict the defendant of being a felon in possession of a firearm, the state did *not* need to prove that the defendant knew he was a felon; that status was merely an "attending circumstance" surrounding the defendant's act. *State v. Van Norsdall*, 127 Or App 300, 304, 873 P2d 345, *rev den*, 320 Or 131 (1994). More importantly for the present case, in *State v. Walker*, 140 Or App 472, 915 P2d 1039 (1996), we applied *Van Norsdall's* distinction between "acts" and "attending circumstances" to the precise issue we now confront. The defendant was charged with violating ORS 475.999. He argued that the trial court erred by not instructing the jury that the state needed to prove that he knew he was within 1,000 feet of a school. In

*dictum*—we decided the case on an evidentiary issue and discussed the culpable mental state issue only "because the issue is likely to arise on remand," *id.* at 476—we quoted the "attending circumstances" test from *Van Norsdall* and concluded:

> "Similarly, the *location* of the offense in this instance is not an act, but an attendant circumstance of the underlying criminal conduct of delivery of a controlled substance. Therefore, it is not an element that requires accompanying proof of a culpable mental state."

*Id.* at 477 (citation omitted; italics in original).

Thus, if *Walker* were still applicable, we would probably affirm. Its comment on the issue, albeit *dictum*, is *good dictum*. Appearing to acknowledge that reality, defendant argues that the law underlying the *Walker* case has changed significantly and that, under the more contemporary analysis, we must disavow *Walker*. We agree.

The interpretation of ORS 475.999 upon which *Walker* relies derives from *Van Norsdall*. *Walker*, 140 Or App at 477. *Van Norsdall*, however, was abandoned during the second phase of our culpable mental state jurisprudence. That phase began with *State v. Engen*, 164 Or App 591, 603, 993 P2d 161 (1999), *rev den*, 330 Or 331 (2000), where we held that, instead of relying on some generic distinction between act and circumstances, we would henceforth conduct a statute-by-statute inquiry into legislative intent. Concluding that the text, context, and legislative history of the statute proscribing possession of a controlled substance, ORS 475.992(4), were "hardly decisive" with respect to whether a conviction required proof that the defendant knew the substance he possessed was, in fact, a controlled substance, we resorted to maxims of statutory construction and concluded that the legislature must not have had such an intention. *Engen*, 164 Or App at 607-08.

Although in *Engen* we simply avoided applying the *Van Norsdall* "act or circumstances" analysis, in *Andrews*, 174 Or App at 366, we explicitly "disavow[ed]" it. In its place, we relied on "the Criminal Code's fundamental hostility

toward imposing criminal liability without fault," *id.* at 363, to derive the following rule:

"[W]hen a particular circumstance renders otherwise innocent conduct criminal, the existence of that circumstance is a material element for which the state must prove a culpable mental state, unless there is a clear legislative indication that such proof of *scienter* is not required."

*Id.* at 356. Using that rule, we held that, in order to convict the defendant under a provision of the Portland City Code for carrying a loaded weapon in a car, the prosecution had to prove that she knew the gun was loaded. *Id.* at 365. We recognized that our decision required us to "disavow *Van Nordsall's analysis* to the extent that it deviates from that principle." *Id.* at 366 (emphasis in original). The result of this disavowal is that the *dictum* in *Walker* regarding culpable mental states in ORS 475.999—*dictum* based directly, exclusively, and explicitly on *Van Norsdall*—is obsolete.

However, it also appears that the analyses developed in *Engen* and *Andrews* rendering the "act versus circumstance" principle obsolete are themselves obsolete. Neither has ever been applied in a subsequent case. Instead, beginning in *State v. Schodrow*, 187 Or App 224, 66 P3d 547 (2003), we have developed a third-phase analysis. The question in that case was whether, to convict the defendant for knowingly possessing a concealed firearm, ORS 166.250(1)(a), the state needed to prove that he knew not only the fact of his possession, but also the fact that what he possessed was a "firearm"—that is, a "weapon * * * which is readily capable of use as a weapon." ORS 166.210(2). The defendant contended that the state had to prove knowledge of that element and, because his unrebutted testimony was that he thought the weapon was unusable, he should have been acquitted. After noting that the question "whether a culpable mental state attaches to certain elements of a crime under our criminal statutes has been a chronically vexing problem," *Schodrow*, 187 Or App at 228, and reviewing the case law, we concluded that we did not need "to enter that thicket," *id.* at 229. Instead, we focused on the statutory definition of "knowingly":

> " 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described *or that a circumstance so described exists.*"

ORS 161.085(8) (emphasis added). Because the disputed element, that is, the fact that what the defendant was carrying was a "firearm," "is an aspect of the nature of the conduct or a circumstance described by the statute, a person must also be aware that the object he or she is carrying is a firearm." *Schodrow*, 187 Or App at 230. Thus, whenever a statute includes knowledge as a culpable mental state generally, that same *mens rea* requirement applies to all of the statute's elements that describe either conduct or circumstances.

We applied that new understanding in two subsequent cases. In *State v. Dixon*, 191 Or App 503, 83 P3d 385 (2004), we analyzed ORS 163.575(1), making it a crime to "knowingly * * * [p]ermit a person under 18 years of age to enter or remain in a place where unlawful activity involving controlled substances is maintained or conducted." Again citing the statutory definition of "knowingly," we agreed with the defendant that the state had to prove that he "not only knowingly permit[ted] someone who happens to be a minor to remain in a place where there is drug activity, but he or she must also do so with the knowledge that the person is a minor." *Id.* at 508.

Finally, in *State v. Lane*, 198 Or App 173, 108 P3d 20 (2005), we confronted the question whether a person charged with escape from a correctional facility, ORS 162.155(1)(c), could be convicted without proof that he knew that what he escaped from was, in fact, a correctional facility. We applied the reasoning from *Schodrow* to conclude that such proof was necessary. *Id.* at 180-81. Notably, we did so even though the statute at issue did not generally specify any culpable mental state at all. We focused instead on the indictment, which charged the defendant with "knowingly" escaping from a correctional facility. *Lane*, therefore, not only reaffirms *Schodrow* and *Dixon*, but also extends the analysis from those cases to situations involving statutes (such as ORS

475.999) that do not specify any culpable mental state, when the indictment under such a statute does specify one.

The most recent line of cases, then, establishes that when a defendant is charged with a crime that specifies generally a culpable mental state, *or* the charging instrument specifies one, that culpable mental state applies to all elements of the crime that could be characterized as acts or circumstances. The indictment in the present case charges defendant with "intentionally and knowingly" delivering a controlled substance within 1,000 feet of a school. Being within 1,000 feet of a school is undeniably either part of the charged act or one of its attendant circumstances. The state therefore needed to adduce evidence from which a juror could conclude that defendant knew that he was located in such a position.

Defendant argues that there is no evidence in the record from which a jury could infer that he knew he was within 1,000 feet of a school, and that we should therefore conclude that the court erred in denying his motion for a judgment of acquittal. We disagree. The transcript contains no testimony regarding defendant's state of mind with respect to his proximity to a school. The state relies instead on inferences drawn from circumstantial evidence:

> "The * * * evidence shows that the McCoy Academy was a functioning school attended by about 40 minors. Moreover, it shows that defendant lived close to the school and that he was sufficiently familiar with the area as to know where to locate drugs. Given that evidence, a rational trier of fact could infer that defendant also was familiar with the location and nature of the McCoy Academy and, thus, knew or should have known that he was facilitating a drug transaction within 1,000 feet of a school."

From that evidence, a rational trier of fact could have found, beyond a reasonable doubt, that defendant knew he was within 1,000 feet of a school. We therefore reject defendant's contention that the trial court should have granted his motion for a judgment of acquittal.

Defendant's second assignment of error, however, has merit. Defendant requested, and the trial court refused to give, a jury instruction correctly stating the law: To convict

defendant on the grounds charged, the jury had to find that he knew he was within 1,000 feet of a school. Thus, the correct disposition of this case is to reverse and remand.

Reversed and remanded for a new trial.