Submitted August 27, 2008, affirmed April 1, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS DANIEL LOCKAMY,
aka Thomas D. Lockamy,
aka Thomas Daniel Lockamy, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
051136925; A134243

204 P3d 822

Peter Gartlan, Chief Defender, and Joshua B. Crowther, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was indicted on one count of felon in possession of a firearm, ORS 166.270(1), and one count of possession of a controlled substance, ORS 475.840(3)(b). He waived a jury trial and the trial court found him guilty on both counts. On appeal, he assigns error to the trial court's denial of his motion for a judgment of acquittal on the felon in possession charge, arguing that the state was required to prove that he knew of his status as a felon and that it failed to do so. We conclude that, even if the state was required to prove that he knew of his status, it did so. We therefore affirm.

The relevant facts are not in dispute. Count 1 of the indictment in this case alleged that defendant,

> "on or about November 13, 2005, in the County of Multnomah, State of Oregon, having previously been convicted in The Circuit Court of the State of Oregon for the County of Multnomah on May 8, 2000 of the felony of Possession of a Controlled Substance Schedule II, did unlawfully and knowingly own, have in said defendant's possession, have under said defendant's custody and have under said defendant's control a firearm * * *."

At trial, at the close of the state's case, defendant moved for a judgment of acquittal on that charge, arguing that, consistently with *State v. Rutley*, 202 Or App 639, 123 P3d 334 (2005), *aff'd in part, rev'd in part*, 343 Or 368, 171 P3d 361 (2007), the state was required to prove that he knew that he was a felon.[1] The trial court denied the motion. The court agreed that the state is required to prove that fact, but determined that the state's evidence on that issue—a certified

---

[1] At that time, defendant also demurred to the indictment on the related ground that it failed to allege that he knew he was a felon and that the facts stated therefore failed to constitute an offense. ORS 135.630(4). The trial court denied the demurrer, and defendant does not assign error to that ruling. *Cf. State v. Eberhardt*, 225 Or App 275, 201 P3d 915 (2009) (trial court's error, if any, in denying the defendant's demurrer to indictment for crime of felon in possession of a firearm was harmless; indictment identified the crime by statutory citation, it charged the crime using the words of ORS 166.270, and the trial court instructed the jury that the state was required to prove beyond a reasonable doubt the defendant's knowledge of his prior conviction).

copy of a prior judgment of conviction for possession of a controlled substance—was sufficient for that purpose. The court then found defendant guilty.

On appeal, defendant again argues that, as a matter of law, the state was required, and failed, to prove that, at the time that he possessed a firearm, he knew that he was a convicted felon. Defendant acknowledges that, in *State v. Van Norsdall*, 127 Or App 300, 873 P2d 345, *rev den*, 320 Or 131 (1994), this court held that a person's status as a felon is merely an attendant circumstance as to which a mental state does not apply. Defendant contends that our more recent decision in *Rutley* calls that analysis into question. According to defendant, " 'when a defendant is charged with a crime that specifies generally a culpable mental state, *or* the charging instrument specifies one, that culpable mental state applies to all elements of the crime that could be characterized as acts or circumstances.' " (Quoting *Rutley*, 202 Or App at 647; emphasis in *Rutley*.) He notes that, in this case, the indictment alleged that he "knowingly" possessed a firearm and that that mental state therefore applies to all elements of the crime, including his status as a felon.

Defendant also argues that that result is proper here because, although the element constitutes a circumstance rather than an act, it transforms otherwise innocent conduct—possessing a firearm—into criminally culpable conduct. *See State v. Andrews*, 174 Or App 354, 362, 27 P3d 137 (2001) (concluding that, when a circumstance transforms otherwise innocent conduct into criminally culpable conduct, the existence of the circumstance is a material element that necessarily requires a culpable mental state). Conversely, defendant argues, the text of ORS 166.270 does not demonstrate the legislature's clear intent to dispense with a culpable mental state. *See Andrews*, 174 Or App at 362 (describing that test). Finally, defendant argues that, although the evidence presented by the state in this case—a judgment of conviction for possession of a controlled substance—may have sufficed to show that he had been convicted of a felony, it was insufficient to show that he knew of his status as a felon.

The state, invoking the "right for the wrong reason" doctrine, argues that the trial court correctly denied defendant's motion for a judgment of acquittal because, notwithstanding the court's contrary conclusion, ORS 166.270(1) does not require the state to prove that defendant knew of his status as a felon. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (reviewing court may affirm a trial court's ruling on a different basis than that relied on by the trial court, if the facts in the existing record provide adequate grounds to do so and the opposing party would not have created a different record had the issue been raised). The state first reasons that *Van Norsdall* is controlling and that this court should not overturn that decision because it is not clearly wrong. Alternatively, the state argues that *Van Norsdall* was correctly decided because ORS 166.270 is subject to the legislative directive in ORS 161.105(1)(b): that a culpable mental state is not required when an offense defined by a statute outside the criminal code "clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."[2] *See also* ORS 161.005 (setting out offense statutes that comprise the Oregon Criminal Code, not including ORS 166.270). The state contends that, by broadly referring to "[a]ny person," the text of ORS 166.270 demonstrates that the statute applies to all persons who have been convicted of a felony, regardless of, as pertinent here, their knowledge of that status. According to the state, that understanding is bolstered by the structure of ORS 166.270, which first identifies a broad class of persons and then identifies the prohibited conduct, and by the nature of the disputed element, namely, a person's status, which, again, logically is not provable by a mental state.

As to whether the indictment in this case itself required the state to prove that defendant knew that he was

---

[2] ORS 161.105 provides, in part:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b) An offense defined by a statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

a felon, the state responds in part that he failed to preserve that argument. It also argues that, in any event, the indictment did not do so, because the phrase "unlawfully and knowingly" in the indictment is attached only to the element of possessing a firearm. The state further argues that this court was incorrect in holding in *Rutley* that allegations in an indictment, rather than the text of the offense statute itself, should determine whether the state is required to prove a culpable mental state. *See State v. Rutley*, 343 Or 368, 378 n 9, 171 P3d 361 (2007) (Supreme Court noted that its disposition of that case "should not be read as accepting the Court of Appeals' proposition that the state may be bound by the words of an indictment to prove a particular mental state respecting an offense, even if the legislature did not intend to require such proof").

Finally, the state argues that, in all events, the evidence in this case was sufficient to prove defendant's knowledge of his felon status. Specifically, it points to the judgment of conviction in the previous case, reflecting that defendant pleaded not guilty, was represented by counsel, was found guilty by the court, and was sentenced. The state argues that a factfinder reasonably could infer from that judgment that defendant was aware that he had been convicted of a felony.

In reviewing the denial of a motion for a judgment of acquittal, we view the evidence in the light most favorable to the state and give the state the benefit of all reasonable inferences to determine whether a rational trier of fact could find the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). In the case of a crime comprising elements that the parties dispute, in order to determine whether a rational trier of fact could have determined that a defendant committed that crime, we usually first determine what, precisely, the legislature intended to require the state to prove. *See State v. Jones*, 223 Or App 611, 616-18, 196 P3d 97 (2008), *rev den*, 345 Or 618 (2009) (setting out analysis for determining whether the legislature intended to require proof of a culpable mental state as to a particular element of an offense); *see also, e.g., State v. Cave*, 223 Or App 60, 67-68, 195 P3d 446 (2008), *rev den*, 345 Or 690 (2009) (in determining whether trial court erred in denying the defendant's

motion for a judgment of acquittal on charge of fleeing or attempting to elude a police officer, reviewing court first determined the legislature's intended meaning of offense statute); *State v. Bryan*, 221 Or App 455, 459-63, 190 P3d 470 (2008) (same in regard to crime of tampering with a witness).

■ In this case, however, we need not do so. That is because we conclude that, even assuming that ORS 166.270 requires the state to prove that defendant knew of his status as a felon, the evidence on that point, viewed in the light most favorable to the state and giving the state the benefit of all reasonable inferences, was sufficient for that purpose. As we have noted, the state presented evidence of a May 8, 2000, judgment of conviction for possession of a controlled substance. The judgment recites that defendant was indigent and obtained court-appointed counsel, that he pleaded not guilty and was found guilty by the court, that he received a presumptive sentence of 18 months' probation under sentencing guidelines grid block 1 D, and that he was advised of his right to appeal.

That judgment permitted a rational trier of fact to draw at least the following two inferences. First, because the sentencing guidelines apply only to felony crimes, the judgment permits the inference that defendant's previous crime was a felony. *See, e.g.*, ORS 137.010(1) (for felonies committed on or after November 1, 1989, the court shall impose a sentence in accordance with the rules of the Oregon Criminal Justice Commission, that is, the sentencing guidelines); OAR 213-017-0000 (Crime Seriousness Scale of sentencing guidelines grid lists offenses by ORS citation, title, and "felony classification"); OAR 213-019-0015 (categorizing the crime of possession of a controlled substance in crime seriousness category 1).

Second, the May 8, 2000, judgment permitted a rational trier of fact to infer that defendant knew of his conviction of a felony. It does so by reciting, among other procedural events, that defendant pleaded not guilty and that, after being found guilty, he was advised of his right to appeal—events that necessarily involved his participation.

In short, assuming, without deciding, that the state was required to prove that defendant knew of his status as a

felon at the time that he committed the instant offense, the state presented sufficient evidence to permit a rational trier of fact to find or infer beyond a reasonable doubt that he had such knowledge. The trial court did not err in denying defendant's motion for a judgment of acquittal on the charge of felon in possession of a firearm.

Affirmed.