Argued and submitted August 20, 2014, affirmed October 14, 2015, petition for review denied February 4, 2016 (358 Or 550)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ABRAHAM JEKHAN MROSS,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1101771; A151159

360 P3d 670

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the opening brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. With her on the supplemental brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Matthew J. Lysne, Assistant Attorney General, argued the cause for respondent. On the briefs were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael J. Slauson, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Edmonds, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for four counts of second-degree encouraging child sex abuse, ORS 163.686. He contends that the trial court erred in concluding that four photographs of children on his cell phone contained lewd exhibitions of sexual portions of the children's bodies and, hence, that it erred in convicting him of the charged crimes. Defendant raises several additional assignments of error that we reject without written discussion. We affirm.

The facts are undisputed. A person told defendant's parole officer, Kieling, that defendant had child pornography on his cell phone. Kieling went to defendant's home and asked defendant for permission to search his cell phone, which defendant granted. Kieling found a photograph of a child on defendant's cell phone that Kieling considered to be pornographic, and he arrested defendant for violating a condition of his parole, seized the cell phone, and gave it to local police. The police obtained a warrant to conduct a further search of the cell phone, which revealed six photographs of prepubescent girls.

The state charged defendant by indictment with six counts of second-degree encouraging child sex abuse, ORS 163.686,[1] alleging that defendant possessed photographs of sexually explicit conduct involving children. Defendant waived a jury trial on the charges, so the parties tried the case to the court. At trial, the court admitted as Exhibits 2A, 2B, 3A, 3B, 4A, and 4B the six photographs found on defendant's cell phone. Defendant contended in closing argument that the state was required to prove that the people who

---

[1] ORS 163.686 provides, as relevant:

"(1) A person commits the crime of encouraging child sexual abuse in the second degree if the person:

"(a)(A)(i) Knowingly possesses or controls, *** a visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person[.]"

ORS 163.665(3)(f) provides, in turn:

"'Sexually explicit conduct' means ***:

"*****

"(f) Lewd exhibition of sexual or other intimate parts."

took the photographs did so with the intention of arousing the sexual desire of viewers, and the evidence that the state had introduced could not support such a finding.[2] The trial court disagreed and found defendant guilty of four of the charged counts. Defendant appealed the resulting judgment of conviction on those counts.

In response to a motion by defendant, the Appellate Commissioner remanded the case to the trial court to identify which of the six photographs formed the bases of the four convictions. The court responded that it had convicted defendant based on the photographs admitted as Exhibits 2B, 3A, 4A, and 4B. Exhibit 2B depicts a young girl lying on a couch, wearing nothing other than skin-colored pantyhose and underwear. The other three photographs depict young girls sitting with their legs placed in a manner that exposes their genital area to the camera. The girls in those photographs are wearing shirts and underwear. In one of the photographs, the girl's genitals are partially exposed.

We begin with a brief overview of the relevant statutes. ORS 163.686(1)(a)(A)(i) prohibits a person from possessing or controlling "a visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person." As relevant to this appeal, ORS 163.665(3) defines the term "sexually explicit conduct" to mean, among other things, a "lewd exhibition of sexual or other intimate parts" of a person.

We have previously construed the phrase "lewd exhibition" in ORS 163.665. In *State v. Meyer*, 120 Or App 319, 852 P2d 879 (1993) (en banc), the defendant was charged with dealing in depictions of a child's sexual conduct, *former* ORS 163.673 (1987), *repealed by* Or Laws 1995, ch 768, § 16, and with using a child in a display of sexually explicit conduct, ORS 163.670 (1987), *amended by* Or Laws 1991,

---

[2] Because the charges against defendant were tried to the court, defendant's contention in his closing argument that the state's evidence was legally insufficient to establish his guilt was the functional equivalent of a motion for a judgment of acquittal. *See, e.g., State v. Andrews*, 174 Or App 354, 358-59, 27 P3d 137 (2001), *overruled in part on other grounds by State v. Rutley*, 202 Or App 639, 645, 123 P3d 334 (2005).

ch 664, § 5. Both of those crimes prohibited the creation or distribution of material depicting sexually explicit conduct. At that time, "sexually explicit conduct" was defined in ORS 163.665(6) as, among other things, "lewd exhibition of the genitals or anus."

The defendant was convicted of the charged crimes and appealed, contending that the term "lewd exhibition" was unconstitutionally vague. We disagreed and held that "the phrase 'lewd exhibition of the genitals or anus' * * * mean[s] exhibition with the intent of stimulating the lust or sexual desires of the person who views it." *Meyer*, 120 Or App at 326 *(footnote omitted)*. In a footnote, we emphasized that, because the statutes focused on the intention of the person exhibiting the images, the statute did not criminalize the display of nude images in forums such as medical journals, which are *not intended to arouse the sexual desire* of viewers. *Id.* at 326 n 11. Both parties agree on appeal that, here, the state was required to prove that the photographs were taken with the intention of arousing the sexual desire of people who view them.

Defendant contends on appeal that no reasonable factfinder could find that the people who took the photographs did so with the intention of arousing the sexual desire of viewers because the state presented no evidence about the circumstances under which the photographs were created. The state responds that the photographs are so sexually suggestive that they allow a reasonable inference that the people who took them did so with the intention of arousing the sexual desire of viewers.

Our task is to determine whether a reasonable factfinder, viewing the evidence in the light most favorable to the state, could find that the state had proven every essential element of the crime beyond a reasonable doubt. *See, e.g., State v. Bivins*, 191 Or App 460, 462, 83 P3d 379 (2004). The state may rely on circumstantial evidence and reasonable inferences flowing from that evidence to establish any element of the charged crimes. *Id.* at 466. Here, we must determine whether a reasonable factfinder could find that the state had proven that each of the four photographs was taken with the intention of arousing the sexual desire of

people viewing them. Because the state did not present any evidence about the circumstances in which the photographs were taken, the photographs are the only evidence from which a factfinder could make the requisite findings.

Three facts about the photographs lead us to conclude that each of them would permit a reasonable factfinder to make the requisite finding. First, the children in all of the photographs are positioned in awkward and sexually suggestive poses that a child would be unlikely to naturally adopt. Second, the children are wearing tight-fitting underwear that barely covers their genitals. Finally, the children are the sole subjects of the photographs—*viz.*, these are not photographs that could have been taken with the intention of capturing a different subject.

Taken together, those facts lead us to conclude that the photographs can support a nonspeculative inference by a factfinder that they were taken with the intention of arousing the sexual desire of viewers of them. Accordingly, the trial court did not err in finding defendant guilty of four counts of second-degree encouraging child sex abuse.

Affirmed.