Argued and submitted September 30, 2020, reversed May 26, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SABRINA GAY VINSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR47488; A169850

489 P3d 1091

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894 (2017), under an aider-abettor theory. On appeal, defendant assigns error to the trial court's denial of her motion for judgment of acquittal (MJOA). The state concedes that the trial court should have granted defendant's MJOA and contends that the judgment should be reversed because the evidence could not establish that defendant aided and abetted another's possession of methamphetamine. *Held*: The Court of Appeals agreed with and accepted the state's concession, concluding that the trial court erred when it denied defendant's MJOA.

Reversed.

Sheryl Bachart, Judge.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher Page, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Hadlock, Judge pro tempore.

TOOKEY, J.

Reversed.

## TOOKEY, J.

Defendant appeals a judgment of conviction for unlawful possession of methamphetamine, ORS 475.894 (2017). In her first assignment of error, defendant argues that the trial court erred by denying her motion for judgment of acquittal (MJOA). In her second through seventh assignments of error, defendant argues that the trial court erred by delivering a nonunanimous jury instruction and by receiving a nonunanimous guilty verdict. Regarding defendant's first assignment of error, we conclude that the trial court erred when it denied defendant's MJOA; therefore, we reverse defendant's conviction for unlawful possession of methamphetamine. Our reversal of defendant's conviction obviates the need to address her second through seventh assignments of error.

"We review the trial court's ruling on defendant's motion for judgment of acquittal to determine whether, viewing the facts and reasonable inferences that may be drawn from those facts in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Borden*, 307 Or App 526, 528, 476 P3d 979 (2020) (internal quotation marks omitted). In accordance with that standard of review, we state the following facts.

In early July 2018, Newport police were investigating defendant's son, Joseph, for selling narcotics. The investigating officers also knew Joseph had an active arrest warrant. After learning that Joseph had been seen entering a room at a local motel, the officers obtained a search warrant for that room and entered by force. Once inside, officers arrested Joseph and discovered defendant sitting nearby in a chair. The officers searched defendant and found more than $2,500 in cash tucked in her bra. Defendant told the officers that the cash had been given to her by Joseph, and it was his money. The officers also searched the chair in which defendant had been sitting and found a small bag containing 0.5 grams of methamphetamine underneath one of the legs, and a small tube containing a methamphetamine pipe on the seat. Additionally, the officers searched Joseph's car

and found "[s]cales, package material," and "a substantial quantity of methamphetamine."

The state charged defendant with, among other offenses, unlawful possession of methamphetamine, ORS 475.894.[1] At defendant's jury trial, the state advanced two theories of liability: a principal-liability theory based on defendant's alleged constructive possession of the methamphetamine, and an accomplice-liability theory for aiding and abetting Joseph's possession of methamphetamine. After the state finished its case-in-chief, defendant moved for judgment of acquittal, arguing that, although the state's evidence showed her presence in the motel room, "the mere presence in the proximity of controlled substances is not sufficient to establish constructive possession," and that "presence—no matter how extensive—is not enough to establish that a person aided or abetted in a criminal act." The trial court denied defendant's MJOA, reasoning that defendant's proximity to the pipe and small bag of methamphetamine, along with the money in defendant's bra strap, provided "circumstantial evidence the jury may use that is *** more than just mere presence."

The trial court subsequently instructed the jury that, among other things, "If you find the defendant guilty of unlawful possession of methamphetamine, then you must consider the additional question, whether defendant is liable for unlawful possession of methamphetamine, because she committed the unlawful possession of methamphetamine, or because she aided and abetted the person who did." The trial court also provided the jury with two verdict forms, which corresponded with the court's jury instructions. The first form simply asked whether defendant was guilty or not guilty of unlawful possession of methamphetamine. The second form asked whether defendant was liable for that crime as an aider and abettor or as a principal, and it listed each theory with a checkbox next to it. After deliberating, the jury returned a 10-2 guilty verdict, marking the "aider and abettor" box on the second verdict form.

---

[1] The state also charged defendant with one count of laundering a monetary instrument, ORS 164.170 (Count 2). That count was subsequently dismissed by the trial court.

On appeal, defendant argues that "[t]he trial court erred when it denied defendant's motion for judgment of acquittal of aiding and abetting," and that, "[b]ecause the state proved, at best, only that defendant was present during, acquiesced to, and helped cover up Joseph's possession of methamphetamine, the state failed to adduce legally sufficient evidence to support the conviction." In response, the state "concedes that the trial court should have granted the motion as to that theory and this court should reverse the judgment," because "[t]he evidence did not establish that defendant aided and abetted her son's possession of methamphetamine." For the reasons that follow, we agree with and accept the state's concession.

A person aids and abets another's crime "if *** [w]ith the intent to promote or facilitate the commission of the crime the person *** [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]" ORS 161.155(2)(b). As we have previously explained,

> "for accomplice liability to attach, the person (1) must have the requisite *mens rea*—intent to promote or facilitate the commission of the crime—and, at the same time, (2) must perform the requisite *actus reus*—aiding, abetting, or agreeing or attempting to aid or abet the principal in planning or committing the crime."

*State v. Stewart*, 259 Or App 588, 600, 314 P3d 966 (2013). Thus, to uphold the trial court's denial of defendant's MJOA, the state's evidence in this case must be sufficient for a rational trier of fact to conclude that defendant intended to promote or facilitate Joseph's unlawful possession of methamphetamine, and that she performed some act that aided and abetted Joseph in planning or committing that crime.

Here, the evidence is not sufficient to meet that standard with respect to defendant's intent nor with respect to her actions. As the state observes on appeal, "the evidence fails to link defendant's actions with aiding her son *** in possessing methamphetamine." The state concedes that the evidence does not show defendant aided and abetted Joseph "beyond an attempt to conceal his potential criminal acts." But any actions defendant took to cover up

Joseph's crime after it had occurred are alone insufficient to show that defendant aided and abetted that crime. *See State v. Wilson*, 240 Or App 475, 488, 248 P3d 10 (2011) ("[A]lthough actions *after* the commission of a crime * * * may be used as evidence that earlier activities were aiding and abetting, those actions cannot alone constitute aiding or abetting." (Emphasis in original; citation and internal quotation marks omitted.)). Likewise, defendant's knowledge of, acquiescence to, or mere presence during, Joseph's unlawful possession of methamphetamine do not suffice to show that defendant aided and abetted Joseph's crime. *Stewart*, 259 Or App at 601 ("[M]ere knowledge of, or presence during, the commission of a crime is insufficient to establish accomplice liability."); *State v. Lavadores*, 230 Or App 163, 171, 214 P3d 86 (2009) ("In the context of accomplice liability, mere presence or acquiescence alone are not sufficient to establish aiding and abetting[.]" (Citation and internal quotation marks omitted.)). Thus, on this record, the state's concession is well taken, and we conclude that the trial court erred when it denied defendant's MJOA.

Having reached that conclusion, we briefly turn to the question of the proper disposition of this case. Defendant contends that the proper disposition is an "outright reversal" of her conviction because, in not concluding that she was guilty as a principal, "the jury's silence is properly interpreted as an 'implied acquittal'" and thus retrial is barred on "double jeopardy grounds." The state, however, contends that we "should remand this case for a retrial on the principal liability theory," and that we "should not preemptively conclude that a retrial is barred by double jeopardy"; as support for those contentions, it cites several cases from this state, and additional state and federal case law, some of which defendant also cites.

Without undue elaboration, we are not persuaded that we should remand defendant's case for retrial on a principal-liability theory in spite of our usual practice of reversing without a remand when we have determined that a trial court has erroneously denied a defendant's MJOA (or MJOAs) on every conviction in the judgment being appealed. *See, e.g.*, *Borden*, 307 Or App at 528 & n 1 (reversing without

remand where trial court erroneously denied defendant's MJOAs as to both counts in the appealed judgment and noting that "defendant is entitled to entry of judgment of acquittal on each charge").

To be sure, in other cases, we have reversed the defendant's conviction and remanded for a new trial on a still-viable theory of liability, based on the presence of particular postural circumstances. *See, e.g.*, *State v. McDougal*, 299 Or App 96, 101, 449 P3d 919 (2019) (noting this court's "common practice" of reversing and remanding for a new trial "cases in which trial courts, sitting as factfinders, have based verdicts on a misunderstanding of the law or of the evidence"); *State v. Andrews*, 174 Or App 354, 358-59, 27 P3d 137 (2001), *abrogated in part on other grounds by State v. Rutley*, 202 Or App 639, 123 P3d 334 (2005), *aff'd in part and rev'd in part*, 343 Or 368, 171 P3d 361 (2007) (reversing and remanding, "as we have done previously," where "the trial court convicted defendant without deciding a material element for which there was proof sufficient to withstand a motion for judgment of acquittal"); *State v. Burgess*, 240 Or App 641, 655, 251 P3d 765, *aff'd*, 352 Or 499 (2012) (reversing and remanding for a retrial on the lesser-included offenses that the jury would have considered but for reaching conviction on the first-degree assault charge). Such circumstances, however, are not present in this case, and—given the idiosyncratic circumstances of this case, including the wording of the verdict forms and the jury instructions—we are not persuaded that the principal-liability theory remained viable once the jury announced its verdict on the forms provided. Accordingly, we reverse defendant's conviction.

Reversed.