**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS ZARATE-HERNANDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    18-70637

Agency No. A087-777-668

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026[**]
Portland, Oregon

Before:  BEA, CHRISTEN, and DESAI, Circuit Judges.

Petitioner Jose Luis Zarate-Hernandez ("Zarate") petitions for review of a

Board of Immigration Appeals ("BIA") decision dismissing his appeal of an

immigration judge's ("IJ") denial of his applications for cancellation of removal,

asylum, withholding of removal, and protection under the Convention Against

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review de novo whether a state statutory crime qualifies as a crime involving moral turpitude ("CIMT"). *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020). We review the BIA's denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review "mixed question[s] of law and fact," such as a changed or extraordinary circumstances determination under 8 U.S.C. § 1158 (a)(2)(D), for substantial evidence. *Ruiz v. Bondi*, 163 F.4th 586, 599 (9th Cir. 2025).

1.    Zarate's conviction for third degree assault under Oregon Revised Statutes ("ORS") § 163.165(1)(e) is a CIMT that disqualifies him for cancellation of removal. The elements of ORS § 163.165(1)(e) require the assailant to (1) intentionally or knowingly (2) cause physical injury to another (3) while being aided by another person actually present. ORS § 163.165(1)(e). A CIMT "requires two essential elements: reprehensible conduct and a culpable mental state." *Lemus-Escobar v. Bondi*, 158 F.4th 944, 959 (9th Cir. 2025) (citation modified).

Third degree assault under ORS § 163.165(1)(e) is categorically a CIMT. First, it requires a more culpable mental state than that of common law assault: either intentionally causing physical injury to another or knowingly acting in a way that may cause physical injury to another. ORS §§ 163.165(1)(e), 161.085(7)–(8).

2

Second, ORS § 163.165(1)(e) involves reprehensible conduct—it requires the infliction of physical injury that is "material," "not merely *de minimis*," "substantial," and not "fleeting or inconsequential." *See* ORS § 161.015(7); *State v. Hendricks*, 359 P.3d 294, 300 (Or. Ct. App. 2015); *State v. Long*, 399 P.3d 1063, 1067 (Or. Ct. App. 2017) (citation modified). The "physical injury" requirement distinguishes this statute from common law assault, which requires only de minimis harm. *See In re Solon*, 24 I. & N. Dec. 239, 241 (BIA 2007).

Third, ORS § 163.165(1)(e) requires the involvement of more than one assailant, a crime that Oregon has regarded as "more serious" than assault committed by one assailant. *State v. Ryder*, 340 P.3d 663, 668 (Or. Ct. App. 2014).

Because Zarate was convicted of a CIMT, he is ineligible for cancellation of removal. This conviction alone renders him ineligible for cancellation of removal. We therefore decline to reach the issue of whether his conviction for fourth degree assault under ORS § 163.160(3)(c) also bars his cancellation claim.

2.     Substantial evidence supports the BIA's denial of Zarate's asylum application as untimely. An applicant for asylum must file an application within one year of his arrival in the United States, unless he establishes that his failure to file within one year is due to changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(B), (D). If an applicant establishes changed or extraordinary circumstances, he must still file within a "reasonable period" of the changed or

extraordinary circumstances. 8 C.F.R. § 1208.4(a)(4)–(5). Zarate last arrived in the United States in 1997, but he did not file for asylum until January 2013. He argues that an attack on his nephew in 2010 is a changed circumstance that excuses his late filing. But even assuming the 2010 attack on Zarate's nephew excused his failure to file within one year of his arrival to the United States, Zarate fails to establish any facts explaining his three-year delay. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013). Substantial evidence therefore supports the BIA's conclusion that Zarate's asylum application was untimely.

3.      Substantial evidence supports the BIA's denial of withholding of removal because any persecution was not on account of a protected ground. The BIA found that Zarate failed to establish a nexus between his particular social group, the Zarate-Hernandez family, and his fear of future persecution. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023); 8 U.S.C. § 1231(b)(3)(A). Zarate testified that the "cholos" gang targeted his brother and nephew because of their involvement with the gang. Zarate also testified that "the only reason" the gang would target him is because they "believe [he] saw things that they don't want others to know." But purely personal retribution is not persecution on account of a protected ground. *Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1052 (9th Cir. 2001). Further, although Zarate stated the gang threatened to kill his family, he testified that his family members, including his two brothers, five sisters, and parents, continue to

4

live in his hometown in Mexico without harm. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008) (family member remaining unharmed in El Salvador is "substantial evidence" that petitioner lacks a well-founded fear of future persecution based on family membership). Substantial evidence therefore supports the BIA's finding that the gang was motivated to harm Zarate based on retribution or punishment, not his familial status.

4. Substantial evidence supports the BIA's denial of CAT relief. First, nothing in the record or the IJ's decision indicates a failure to consider all the evidence, and thus the IJ's blanket statement that he considered all the evidence before him is sufficient. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). Second, Zarate's fear that he will be harmed by criminal organizations does not show that it is "more likely than not that he . . . would be tortured" with the government's acquiescence if removed to Mexico. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Substantial evidence therefore supports the BIA's decision to deny CAT relief because Zarate failed to show a particularized threat of torture.

5. Zarate failed to exhaust his arguments that his notice to appear ("NTA") was defective and that the BIA should have administratively closed his case. Zarate did not challenge the validity of his NTA or request administrative closure before the BIA. The BIA thus was not on notice and did not have the opportunity to rule on either issue. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). The issues are

5

therefore unexhausted. 8 U.S.C. § 1252(d)(1).

6.     Zarate also challenges the IJ's adverse credibility determination. But the BIA did not rely on the IJ's credibility finding in its decision, and our review is limited to the grounds relied upon by the BIA. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004). We therefore cannot review whether the IJ made this finding in error.

Petition **DENIED.**